UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DARNELL WALKER,              :
                             :
        Petitioner           :
                             :
    v.                       :         CIVIL NO. 4:CV-06-1943
                             :
TROY WILLIAMSON,             :         (Judge McClure)
                             :
        Respondent           :

**ORDER**

March 12, 2007

**Background**

  This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Darnell Walker ("Petitioner"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg").  Named as sole Respondent is USP-Lewisburg Warden Troy Williamson.

  The petition challenged Walker's conviction on drug and firearm charges in the United States District Court for the Northern District of Ohio.  Specifically, the Petitioner argues that because the government failed to establish a quantity of drugs, under the standards announced in United States v. Gonzalez, 420 F. 3d 111

1

(2nd Cir. 2005), he was innocent of distributing a controlled substance under 21 U.S.C. § 841 and his sentence of life imprisonment which was enhanced on the basis of drug quantity was also invalid.

By Memorandum and Order dated October 6, 2006, the petition for writ of habeas corpus was dismissed without prejudice on the grounds that § 2241 review was precluded. The Memorandum noted that Walker's action was not based on any newly discovered evidence, Gonzalez did not constitute an intervening change in substantive law that negated the Petitioner's criminal conduct, and there was also no indication that the United States Supreme Court had made Gonzalez, a decision by the Second Circuit Court of Appeals, retroactive to cases on collateral review as contemplated under In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).

Presently pending is the Petitioner's motion for reconsideration.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

2

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Walker's request for reconsideration does not set forth any newly discovered facts or precedent which would affect this Court's prior determination. The Petitioner has also failed to establish the presence of any errors of law or fact. Furthermore, he offers no competent support for his conclusions that this Court misunderstood Dorsainvil and that 28 U.S.C. § 2255 as amended by the Antiterrorism Effective Death Penalty Act is unconstitutional. The request for reconsideration will be denied. Consequently,

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion for reconsideration (Record document no. 4) is

DENIED.

        s/ James F. McClure, Jr.
        F. McCLURE, JR.
        United States District Judge